UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TYLER LUTTRELL,

          Plaintiff,

   v.

JAMES HART, et al.,

          Defendants.

Case No.  5:19-cv-07300-EJD

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 39

Plaintiff Tyler Luttrell brings this action against the County of Santa Cruz ("County"), Sheriff James Hart ("Sheriff Hart"), Victor Moya ("Moya"), Eduardo Mora ("Mora") (collectively, "Defendants"), and DOES 1-25, alleging constitutional violations and various state law claims.  Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is presently before the Court.  For the reasons below, Defendants' Motion is GRANTED in part and DENIED in part.

## I.    BACKGROUND

The following facts are derived from Plaintiff's allegations in the operative First Amended Complaint ("FAC"), Dkt. No. 29, which generally must be treated as true at the pending stage. *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).

On September 29, 2018, Plaintiff was stopped by Santa Cruz Sheriff's Deputies for failing to have a light on his bicycle.  FAC ¶ 19.  Deputies discovered that Plaintiff was on probation, searched him and discovered a small knife on his belt, which was in violation of the terms of his probation.  *Id.*  The court sentenced Plaintiff to 90 days in custody at the Santa Cruz County jail.

*Id.*

On October 10, 2018 while awaiting a transfer to a lower-security facility, Plaintiff, a non-violent offender, was housed in the same cell as two known violent offenders, Inmates Love and Oliver.  *Id.* ¶ 22-23.  Plaintiff alleges that it was Defendants' custom and practice to not only house more than two people in cells designed for only two inmates but also to house non-violent offenders with violent offenders in the same cell.  *Id.*  Plaintiff immediately complained to Defendant Moya and several other jail officials about being housed in a cell with Inmates Love and Oliver for reasons of his own safety.  *Id.* ¶ 25-26.  However, no jail official ever responded or acknowledged his complaints and concerns.  *Id.* ¶ 26.

Following an assault perpetrated by Inmate Oliver on the morning of October 11, jail officials responded by "locking down" the cell containing Plaintiff and Inmates Love and Oliver for 48-hours beginning the following morning.  *Id.* ¶ 28.  "Locking down" meant that Plaintiff was only permitted to be out of his cell for one hour per 24-hour period.  *Id.*  Prior to lock down, Plaintiff was out of his cell for a prescheduled dental appointment.  While he was out, he told jail officials that he was unsafe in his cell with Inmates Love and Oliver and again requested to be housed in a different area of the jail.  After his requests to be housed in a different area of the jail were again denied, Plaintiff was put back in lock down confinement with Inmates Love and Oliver.  *Id.* ¶ 29.

Inmates Love and Oliver became agitated and angry with Plaintiff because he was let out for the day while they remained in the cell.  *Id.*  They began threatening to beat Plaintiff while also discussing prison sex and masturbating in front of him.  *Id.* ¶ 32.  Sensing imminent danger, Plaintiff contacted Defendant Mora through the partially covered cell window to discuss his transfer to a lower security facility and getting out of the cell.  *Id.*  Defendant Mora told Plaintiff he would "be right back" but he never returned.  *Id.*  Inmates Love and Oliver proceeded to mock Plaintiff because Defendant Mora did not come back for him.  *Id.*  For the next 14 hours the threats by Inmates Love and Oliver escalated and Plaintiff was eventually sexually assaulted.  *Id.*

Case No.: 5:19-cv-07300-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

¶¶ 32, 35.  Plaintiff tried to get the attention of the jail officials to no avail.  *Id.* ¶ 32.  Plaintiff alleges it is Defendants' custom and practice to house inmates in cells that lack functioning emergency security mechanisms.  *Id.* ¶ 30.  Plaintiff also alleges it is Defendants' custom and practice to insufficiently staff the jail, which results in the jail staff's failure to perform routine safety checks.  *Id.* ¶ 31.  He alleges it is also Defendants' custom and practice to not require correction officers to physically inspect inmates during safety checks.  *Id.* ¶ 34.

Several guards walked by the cell during the sexual assault but could not see in.  *Id.* ¶ 36.  At no point did any jail official enter Plaintiff's cell for the 48-hour lock down period until the morning after when Plaintiff was let out for a shower.  *Id.*  When Plaintiff returned from his shower, Inmates Love and Oliver physically beat him until Defendant Moya came to the cell.  *Id.* ¶ 39.  Defendant Moya told Plaintiff that he had instructed Defendant Mora to get Plaintiff out of the cell and that "[he] shouldn't have been there with [Inmates Love and Oliver]."  *Id.* ¶ 40.

Afterwards, Plaintiff was interviewed by jail staff and taken to the medical unit of the jail.  *Id.* ¶ 41.  Plaintiff was mocked by two unidentified Sherriff's detectives for the sexual assault he had just suffered.  *Id.*  The next day, counsel for Plaintiff petitioned the court for Plaintiff's immediate release from custody and the court set a hearing for the following day.  *Id.* ¶ 43.  The jail released Plaintiff prior to the scheduled hearing.  *Id.*

Plaintiff asserts seven causes of action: (1) cruel and unusual punishment in violation of the Eighth Amendment under Section 1983; (2) *Monell* liability under Section 1983; (3) violation of California Civil Code Section 52.1; (4) negligent hiring, retention, training, supervision, and discipline; (5) general negligence; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress.

On June 30, 2020, Defendants filed a Motion to Dismiss Plaintiff's actions.  *See* Defendants' Notice of Motion and Motion to Dismiss Plaintiff's First Amended Complaint ("Mot."), Dkt. 39.  Plaintiff filed his Opposition on August 14, 2020.  Plaintiff's Response to Defendants' Motion to Dismiss ("Opp."), Dkt. 42.  On September 3, 2020, Defendants filed their

Case No.: 5:19-cv-07300-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

1   Reply.  Defendants' Reply ("Reply"), Dkt. 43.

2   **II.     LEGAL STANDARDS**

3           To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual

4   matter, accepted as true, to "state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*,

5   556 U.S. 662, 678 (2009) (discussing Federal Rule of Civil Procedure 8(a)(2)).  A claim has facial

6   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

7   inference that the defendant is liable for the misconduct alleged.  *Id*.  The requirement that the

8   court must "accept as true" all allegations in the complaint is "inapplicable to legal conclusions."

9   *Id*.  Dismissal can be based on "the lack of a cognizable legal theory or the absence of sufficient

10  facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

11  699 (9th Cir. 1990).

12  **III.    DISCUSSION**

13          **A.      First Cause of Action: 42 U.S.C. § 1983**

14          In the first cause of action, Plaintiff alleges that all Defendants subjected him to cruel and

15  unusual punishment in violation of the Eighth and Fourteenth Amendment under a theory that

16  Defendants were deliberately indifferent to his safety.  FAC ¶ 67.

17          To state a claim under Section 1983, a plaintiff must allege that a defendant, while acting

18  under color of state law, caused a deprivation of the plaintiff's federal rights.  *West v. Atkins*, 487

19  U.S. 42, 48 (1988) (citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation

20  omitted).  There is no vicarious liability in Section 1983 lawsuits.  *Iqbal*, 556 U.S. at 676 (citing,

21  inter alia, *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978)).

22  Hence, a government official, whether subordinate or supervisor, may be held liable under Section

23  1983 only when his or her own actions have caused a constitutional deprivation.  *OSU Student All.*

24  *v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012).

25          Allegations regarding causation "must be individualized and focus on the duties and

26  responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

27

28

United States District Court
Northern District of California

constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). An individual "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation" or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (citation and quotation marks omitted).

### i.    County of Santa Cruz

To the extent that Plaintiff is attempting to allege a cause of action against the County in its supervisory role, he is precluded from doing so. *See Kentucky v. Graham*, 473 U.S. 159, 168 (1985) (holding that "a municipality cannot be made liable under 42 U.S.C. § 1983 on a *respondeat superior* basis"). Therefore, the Motion to Dismiss the first cause of action is GRANTED as to the County of Santa Cruz.

### ii.    Sheriff Hart

Plaintiff has sued Sheriff Hart in his official capacity as Sheriff for the County of Santa Cruz. FAC ¶ 6.[1] The Ninth Circuit has held that Section 1983 claims "against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler v. Elle*, 281 F.3d 1014, 1023 (9th Cir. 2002). Thus, Plaintiff's claim against Sheriff Hart in his official capacity is subsumed by Plaintiff's cause of action under Section 1983 against the County of Santa Cruz, the governmental employer.

Accordingly, the Motion to Dismiss the first cause of action is GRANTED as to Sheriff Hart in his official capacity.

### iii.    Victor Mora and Eduardo Moya

The Court construes Plaintiff's first cause of action against Defendant Mora and Defendant

---

[1] Sheriff Hart is not alleged to have had any individual participation in or knowledge of any event alleged in the pleadings. He should therefore be dismissed as an individual defendant.

Case No.: 5:19-cv-07300-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

Moya as an Eighth Amendment claim based on deliberate indifference.  Plaintiff alleges that

Defendant Mora and Defendant Moya, who are individuals employed by the Santa Cruz County

Sheriff's Department or are otherwise acting under the color of state law, deprived Plaintiff of his

Eighth Amendment right to be free of cruel and unusual punishment, in violation of 42 U.S.C. §

1983.

The Eighth Amendment requires that prison officials take reasonable measures to

guarantee the safety of prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson

v. Palmer*, 468 U.S. 517, 526-27 (1984).  In particular, prison officials have a duty to protect

prisoners from violence at the hands of other prisoners.  *Id*. at 833.  The failure of prison officials

to protect inmates from attacks by other inmates or from dangerous conditions at the prison

violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is,

objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent

to inmate health or safety.  *Id*. at 834.  A prison official is deliberately indifferent if he knows of

and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to

abate it.  *Id*. at 837.  "Deliberate indifference entails something more than mere negligence but is

satisfied by something less than acts or omissions for the very purpose of causing harm or with

knowledge that harm will result."  *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)

(internal quotations omitted) (citing *Farmer*, 511 U.S. at 835).

Here, the thrust of Plaintiff's FAC is that Defendants failed to provide proper classification

and housing accommodations for Plaintiff while also failing to supervise and monitor him, which

led to his sexual assault and beating by his cellmates.  *See* FAC ¶¶ 29-32.  Plaintiff alleges that just

two days prior to his assault, he repeatedly complained to Defendant Moya that he feared for his

safety after being placed in the cell with two inmates who had a known history of violent offenses

and conduct in jail.  *Id*. ¶ 25.  Plaintiff also alleges that while in 48-hour lockdown with his

cellmates, he asked Defendant Mora about his transfer to the lower-security facility to which

Defendant Mora responded, "I'll be right back."  *Id*. ¶ 29.  Further, Defendant Moya allegedly told

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Defendant Mora to get Plaintiff out of the cell prior to the sexual and physical assaults.  *Id.* ¶ 40.

2        These allegations are sufficient at the pleading stage to state a Section 1983 claim against

3    Defendant Mora and Defendant Moya.  Defendants Mora and Moya knew about the increased risk

4    to Plaintiff's safety the longer he remained housed in the same cell as his two assailants and their

5    failure to take steps to remove him from the risk resulted in his ultimate victimization.

6    Accordingly, the Motion to Dismiss the Section 1983 claim against Defendant Mora and

7    Defendant Moya is DENIED.

8        **B.    Second Cause of Action: *Monell* – 42 U.S.C. Section 1983**

9        Plaintiff's second cause of action alleges a Section 1983 claim against Defendant County

10   of Santa Cruz pursuant to *Monell*.[2]

11       Local governments "can be sued directly under [section] 1983 for monetary, declaratory,

12   or injunctive relief where . . . the action that is alleged to be unconstitutional implements or

13   executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated

14   by that body's officers."  *Monell*, 436 U.S. at 690.  Plaintiff must plausibly plead the following

15   elements to proceed with his *Monell* claim: "(1) that [he] possessed a constitutional right of which

16   he was deprived; (2) that the municipality had a policy, custom or practice; (3) that the policy,

17   custom or practice amounted to deliberate indifference to [his] constitutional rights; and (4) that

18   the policy, custom or practice was the moving force behind the constitutional violation."  *Torres v.*

19   *Saba*, No. 17-CV-06587-SI, 2019 WL 111039, at *6 (N.D. Cal. Jan. 4, 2019).

20       A *Monell* cause of action can be established in one of three ways.  *See Thomas v. Cty. of*

21   *Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014).  First, a local government may be held liable when

22   it acts "pursuant to an expressly adopted policy."  *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v.*

23   *Carl*, 382 F.3d 978, 982 (9th Cir. 2004).  Second, a public entity may be held liable for a

24

25   [2] Plaintiff also names Defendant Sheriff Hart in his second cause of action.  FAC ¶ 78.  However,
     a claim brought pursuant to *Monell* is necessarily one against a municipality based on an official
26   policy, custom, or pattern of conduct.  436 U.S. at 694–95.  Any official capacity claim brought
     against individual Defendants (i.e. Sheriff Hart) would be duplicative of Plaintiff's *Monell* cause
27   of action against the County and will therefore be dismissed as well.

Case No.: 5:19-cv-07300-EJD
28   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
     DISMISS

1  "longstanding practice or custom." *Thomas*, 763 F.3d at 1170.  Third, a local government may be

2  held liable under Section 1983 as a final policy maker.  *Id.*  Plaintiff's *Monell* cause of action is

3  premised on Defendants' alleged policies, customs, or practices.

4        "Liability for improper custom may not be predicated on isolated or sporadic incidents; it

5  must be founded upon practices of sufficient duration, frequency and consistency that the conduct

6  has become a traditional method of carrying out policy."  *Trevino v. Gates*, 99 F.3d 911, 918 (9th

7  Cir. 1996), holding modified on other grounds by *Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001);

8  *see also Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) ("A single constitutional

9  deprivation ordinarily is insufficient to establish a longstanding practice or custom.").  Although

10  "[i]t is difficult to discern from the caselaw the quantum of allegations needed to survive a motion

11  to dismiss a pattern and practice claim," *Gonzalez v. Cty. of Merced*, 289 F. Supp. 3d 1094, 1099

12  (E.D. Cal. Dec. 7, 2017), "where more than a few incidents are alleged, the determination appears

13  to require a fully-developed factual record."  *Lemus v. Cty. of Merced*, No. 1:15-cv-00359-MCE-

14  EPG, 2016 WL 2930523, at *4 (E.D. Cal. May 19, 2016), aff'd, 711 Fed. App'x 859 (9th Cir.

15  2017).

16        Here, Plaintiff has alleged that the County maintained numerous policies or customs,

17  including but not limited to permitting, ignoring and condoning jail personnel to delay in

18  providing adequate inmate classification, failing to regularly and properly observe inmates and

19  cell conditions, failing to provide the jail with adequate security staff, and failing to control jail

20  staff including inadequate intake and screening.  FAC ¶¶ 79-80.  However, Plaintiff fails to

21  present any factual allegations in his FAC supporting the existence of any of these alleged

22  policies.  Plaintiff simply makes conclusory allegations that such policies exist, without alleging

23  any facts to support a reasonable inference that the practices are "of sufficient duration, frequency

24  and consistency that the conduct has become a traditional method of carrying out policy."

25  *Trevino*, 99 F.3d at 918.  To state a claim for which relief can be granted, Plaintiff must allege

26  some specific facts that would support the conclusion that the alleged policies exist.  *See Lapachet*

27

28  Case No.: 5:19-cv-07300-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS

United States District Court
Northern District of California

1    *v. California Forensic Med. Grp.*, 313 F. Supp. 3d 1183, 1193 (E.D. Cal. 2018) (denying

2    defendants' motion to dismiss the *Monell* claim against the County because plaintiffs alleged both

3    the existence of policies and customs and provided specific factual allegations supporting the

4    existence of these policies).

5         In light of these noted deficiencies, Plaintiff's *Monell* cause of action as alleged in his

6    second cause of action will be DISMISSED with leave to amend.

7         **C.    Third Cause of Action: Violation Civil Code Section 52.1**

8         Plaintiff's third cause of action is for violation of California Civil Code Section 52.1 ("the

9    Bane Act") against all Defendants.  The Bane Act authorizes individual civil actions for damages

10   and injunctive relief by individuals whose federal or state rights have been interfered with by

11   threats, intimidation, or coercion.  *See* Cal. Civ. Code § 52.1(a) (proscribing interference "by

12   threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with

13   the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or

14   laws of the United States, or of the rights secured by the Constitution or laws of this state ..."); *see*

15   *also Jones v. Kmart Corp.*, 17 Cal. 4th 329, 338 (1998) (interpreting Bane Act's use of

16   "interferes" to mean "violates").

17        "[T]he Bane Act does not require the 'threat, intimidation or coercion' element of the

18   claim to be transactionally independent from the constitutional violation alleged."  *Reese v. Cty. of*

19   *Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City & Cty. of San Francisco*,

20   17 Cal. App. 5th 766, 798 (2017), *as modified* (Nov. 17, 2017).  Instead, the Bane Act requires

21   that a defendant had a specific intent to violate the plaintiff's protected rights.  This specific intent

22   inquiry centers on two questions: "First, 'is the right at issue clearly delineated and plainly

23   applicable under the circumstances of the case,' and second, 'did the defendant commit the act in

24   question with the particular purpose of depriving the citizen victim of his enjoyment of the

25   interests protected by that right?'"  *Sandoval v. Cty. of Sonoma*, 912 F.3d 509, 520 (9th Cir. 2018)

26   (quoting *Cornell*, 17 Cal. App. 5th at 803 (alterations omitted)).  Specific intent does not require a

27

28   Case No.: 5:19-cv-07300-EJD
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
     DISMISS

United States District Court
Northern District of California

1     showing that a defendant knew he was acting unlawfully; "[r]eckless disregard of the 'right at

2     issue' is all that [i]s necessary." *Cornell*, 17 Cal. App. 5th at 804.

3           Here, Defendants argue that Plaintiff's FAC fails to allege any threats, intimidation, or

4     coercion and therefore fails to state a claim for violation of the Bane Act.  Reply at 2.  Yet

5     "[n]othing in the text of the statute requires that the offending 'threat, intimidation or coercion' be

6     'independent' from the constitutional violation alleged." *Cornell*, 17 Cal. App. 5th at 800.

7     Plaintiff alleges that Defendants subjectively knew or should have known of his serious risks of

8     physical harm and were deliberately indifferent to them, which led to a violation of his

9     constitutional rights under the Eighth Amendment and Fourteenth Amendment.  FAC ¶ 66-67.

10    Thus, Plaintiff has delineated the rights that are at issue.

11          As to the question of the specific intent inquiry, if a plaintiff adequately pleads a claim for

12    deliberate indifference, which requires a pleading of reckless disregard, then he has sufficiently

13    alleged the intent required for the Bane Act claim.  *Scalia v. Cty. of Kern*, 308 F. Supp. 3d 1064,

14    1084 (E.D. Cal. 2018) (finding coercive act element of Bane Act claim satisfied by allegation of

15    prison official's deliberate indifference to serious medical needs); *see also M.H. v. Cty. of

16    Alameda*, 90 F. Supp. 3d 889, 898 (N.D. Cal. 2013) (holding that because deliberate indifference

17    "has been associated with affirmatively culpable conduct, . . . a prisoner who successfully proves

18    that prison officials acted or failed to act with deliberate indifference to his medical needs in

19    violation of his constitutional rights . . . adequately states a claim for relief under the Bane Act.").

20    Because the Court has found above that the FAC states a claim for deliberate indifference as to

21    Defendant Mora and Defendant Moya, the Motion to Dismiss the Bane Act cause of action as to

22    those Defendants is DENIED. [3]

23          **D.     Fourth-Seventh Causes of Action: Plaintiff's State Negligence Claims**

24          Plaintiff's fourth cause of action for negligent hiring, retention, supervision, and discipline

25

26    _____

27    [3] Whether the County of Santa Cruz is immune from liability for the Bane Act cause of action is
      discussed in a separate section of this Order.

28    ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
      DISMISS

is brought against the Defendant County and Defendant Sheriff Hart. The fifth through seventh causes of action (for general negligence, intentional infliction of emotional distress, and negligent infliction of emotion distress, respectively) are all captioned as "Against all Defendants." The named County Defendants assert a number of state law immunity-related defenses to the fourth through seventh causes of action. Defendants also argue that Plaintiff has failed to allege sufficient facts to support any of the claims. *See* Mot. at 6-11. The Court begins by addressing Defendants' state law immunity-related defenses and will then proceed to analyzing the substance of the causes of action.

### i.   State Law Immunity-Related Defenses

Defendants allege that Plaintiff's state law negligence claims are statutorily barred by the County's immunity and California Government Codes §§ 815, 820.2, 820.8, 844.6, 845, 845.2, 845.6. The Court addresses the alleged bars in turn.

### a.   Immunity Under California Government Code Section 815

First, Defendants argue that Plaintiff's negligence-based causes of action against Defendants are barred because "under the California Tort Claims Act, such claims are not actionable against the County, a public entity, absent a specific statutory provision to the contrary." Mot. at 6. The Named County Defendants specifically point to California Government Code Section 815, which states in relevant part:

> Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

The Court recognizes that Section 815 bars claims against public entities absent a statutory provision to the contrary. *See* Cal. Gov. Code § 815. However, California Government Code Section 815.2 explicitly provides for vicarious liability, and Section 815.2(a) states that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment." *Id.* Indeed, "under California law municipalities enjoy

United States District Court
Northern District of California

no special immunity for negligence actions [and that a municipality] is liable for the negligence of [its employees] to the same extent that [the employees] would be liable individually." *Hernandez v. City of San Jose*, No. 16-CV-03957-LHK, 2016 WL 5944095, at *45–46 (N.D. Cal. Oct. 13, 2016). Although Defendants cite extensive case law for the applicability of Section 815 to claims for direct liability, they fail to recognize the applicability of Section 815.2(a) to causes of action pursued under the doctrine of vicarious liability.

Here Plaintiff has brought his negligence causes of action against not just the County of Santa Cruz, but also Defendant Mora and Defendant Moya for their own negligence acting in their individual capacities.[4] Opp. at 22. Because Plaintiff's negligence-based causes of action against Defendants rely on a theory of vicarious liability, the Court finds that Section 815 does not bar Plaintiff's claims against the County.

Accordingly, the Court DENIES Defendants' Motion to Dismiss on Section 815 immunity grounds.

### b. Immunity under California Government Code Section 820.8

In addition to Section 815 immunity, Defendants argue that California Government Code Section 820.8 bars Plaintiff's negligence-based claims against the County. Mot. at 8. Section 820.8 states: "Except as otherwise provided by statutes, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission." Cal. Gov't Code § 820.8. Plaintiff correctly argues, however, that Section 820.8 does not apply to the County of Santa Cruz because it is a public entity, not a public employee. *See M.S. ex rel. Sisco v. Weed Union Elementary Sch. Dist.*, No. 2:13-cv-01211 JAM, 2013 WL 6199194, at *4 (E.D. Cal. Nov. 27, 2013) (finding Section 815.2 applies to public entities rather

---

[4] In his Opposition Plaintiff also mentions that he has brought suit against Sheriff Hart for his own negligence acting in his individual capacity. This directly contradicts the FAC where Plaintiff states that Sheriff Hart is being sued in his official capacity. *See* FAC ¶ 6. The Court thus only recognizes Plaintiff's negligence causes of action against Sheriff Hart in his official capacity.

Case No.: 5:19-cv-07300-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

than individuals).  Therefore, the County of Santa Cruz in not entitled to Section 820.8 immunity and the Court DENIES Defendants' motion to dismiss on Section 820.8 grounds.

### c.  Immunity under California Government Code Section 844.6

Defendants next argue that California Government Code Section 844.6 bars Plaintiff's negligence-based claims against the County of Santa Cruz.  Section 844.6 states in relevant part that "[e]xcept as provided in California Government Code § 845.6, a public entity cannot be liable for an injury to a prisoner."  *Frary v. Cty. of Marin*, No. C 12-3928 MEJ, 2012 WL 6218196, at *12 (N.D. Cal. Dec. 13, 2012) (citing Cal. Gov't Code § 844.6).

Plaintiff's response to Defendants' California Government Code Section 844.6 immunity argument is that he has not just sued the County of Santa Cruz but also Defendant Mora and Defendant Moya for their own negligence acting in their individual capacities.  Opp. at 22. Plaintiff argues that although California Government Code Section 844.6 may afford the County of Santa Cruz immunity from its negligence-based causes of action, the County can still be found vicariously liable for the alleged tortious acts of its employees under California Government Code Section 815.2.  *Id.*

Plaintiff's reliance on Section 815.2 in order to avoid the immunity provisions of Section 844.6 fails because "[a]lthough a public entity may be vicariously liable for the acts and omissions of its employees (Cal. Gov't. Code § 815.2), that rule does not apply in the case of injuries to prisoners."  *Lawson v. Superior Court*, 180 Cal. App. 4th 1372, 1383 (2010) (discussing interplay of immunities in claims brought pursuant to Section 815.2).[5]  Therefore, the Court GRANTS Defendants' Motion to Dismiss the fourth, fifth, and sixth causes of action on Section 844.6 immunity grounds as to the County of Santa Cruz and Sheriff Hart in his official capacity.

Moreover, Plaintiff is unable to bring a Bane Act cause of action against the County based on the conduct of its employees.  Although the Bane Act permits vicarious liability, Section 844.6

---

[5] The Court need not determine whether California Government Code Sections 845.2 and 845.6 bar Plaintiff's negligence-based causes of action against the County as the causes of action are barred by Section 844.6

United States District Court
Northern District of California

affords the County immunity from Plaintiff's injuries.  *See Warren v. Cty. of Riverside*, No. ED CV 18-1280-DMG (SPx), 2019 WL 994021, at *5 (C.D. Cal. Jan. 4, 2019) (dismissing Bane Act claim for vicarious liability against County of Riverside based on Section 844.6 immunity); *Neuroth v. Mendocino Cty.*, No. 15-CV-03226-NJV, 2016 WL 379806, at *5 (N.D. Cal. Jan. 29, 2016) (dismissing Bane Act claim as to Mendocino County because "Plaintiff's reliance on a theory of vicarious liability through an employee through Section 815.2 in order to avoid the immunity provisions of Section 844.6 fails." (citing *Lawson*)).  Thus, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Bane Act cause of action on Section 844.6 immunity grounds as to the County of Santa Cruz and Sheriff Hart in his official capacity.

### d.  Immunity for "Discretionary Acts" Under California Government Code Section 820.2

Defendants further argue that Plaintiff's negligence-based causes of action against the County are barred under California Government Code Section 820.2, which provides immunity for 'discretionary acts' of public employees.  Cal. Gov't Code § 820.2.  Defendants argue that placing Plaintiff in the same cell as Inmates Love and Oliver is a "discretionary" rather than "ministerial" act and therefore, the County is immune from liability.  Mot. at 7-8.

Determining whether a particular act was discretionary requires more than applying the literal definition of "discretionary" to the facts of the case.  *Johnson v. State*, 69 Cal. 2d 782, 787 (1968).  When a court attempts "to determine, as a purely literal matter, 'where the ministerial and imperative duties end and the discretionary powers begin ... [I]t would be difficult to conceive of any official act, no matter how directly ministerial, that did not admit of some discretion in the manner of its performance, even if it involved only the driving of a nail.'"  *Id.* at 788 (quoting *Ham v. Los Angeles Cty.*, 46 Cal. App. 148, 162 (Cal. Ct. App. 1920)).  Instead, a court's determination of discretion should rely on "policy considerations relevant to the purposes of granting immunity to the governmental agency whose employees act in discretionary capacities." *Id.* at 789.  "[A]lthough a basic policy decision [] may be discretionary and hence warrant governmental immunity, subsequent ministerial actions in the implementation of that basic

Case No.: 5:19-cv-07300-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

1    decision still must face case-by-case adjudication on the question of negligence." *Id.* at 797.

2    Applying these principles here, the discretionary activities immunized by statute occurred

3    at a level above the County employees' ministerial determination to have Plaintiff share a cell with

4    Inmates Love and Oliver.  In *Cotta v. Cty. of Kings* No. 1:13-cv-00359-LJO, 2013 WL 3213075,

5    at *19 (E.D. Cal. June 24, 2013), the court held that, while the rules, regulations, or those

6    guidelines by which the individual jail official would have been guided in determining whether or

7    not "to assign any two prisoners to the same cell" were "discretionary" policy decisions for which

8    their maker would have been entitled to immunity under California Government Code Section

9    820.2, the manner in which the individual official applied those rules, regulations, or guidelines

10    "was a ministerial determination" to which Section 820.2 did not apply.  Here, Plaintiff attacks not

11    a jail policy decision governing the protection of inmates generally but rather the alleged

12    deliberate indifference displayed by prison officials to an asserted risk of harm to a specific

13    inmate.  The Court thus DENIES Defendants' Motion to Dismiss on Section 820.2 immunity

14    grounds.

15    **e.   Immunity Under California Government Code Section 845**

16    Defendants also contend they are entitled to absolute immunity under California

17    Government Code Section 845.  However, Section 845 provides immunity "for failure to establish

18    a police department or otherwise to provide police protection service or, if police protection

19    service is provided, for failure to provide sufficient police protection service."  Cal. Gov. Code §

20    845.  California courts have indicated that this immunity provision "was designed to prevent

21    political decisions of policy-making officials of government from being second-guessed by judges

22    and juries in personal injury litigation."  *Mann v. State of California*, 70 Cal. App. 3d 773, 778

23    (Ct. App. 1977).  By contrast, "section 845 was not intended to provide immunity against a

24    particular police officer's negligence in the performance of his duty in a particular situation."

25    *Wallace v. City of Los Angeles*, 12 Cal. App. 4th 1385, 1402 (1993), *modified* (Feb. 4, 1993).

26    Plaintiff's negligence-based claims concern Defendants' alleged negligence in

27
28    Case No.: 5:19-cv-07300-EJD
      ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
      DISMISS
                                                    15

United States District Court
Northern District of California

1    performance of their duty, and not any political decision about the scope of police protection

2    provided to citizens.  Accordingly, California Government Code Section 845 does not provide

3    immunity from Plaintiff's negligence-based causes of action and the Court DENIES Defendants'

4    Motion to Dismiss on Section 845 immunity grounds.

5              **ii.    Elements and Facts of Plaintiff's Negligence-Based Causes of Action**

6              As discussed above, the County of Santa Cruz and Sheriff Hart are immune from liability

7    for Plaintiff's negligence-based causes of action.  Defendants Mora and Moya, however, are not.

8    The Court will proceed to address whether Plaintiff has alleged sufficient facts to support any of

9    his negligence-based causes of action against Mora and Moya.

10             **Fifth Cause of Action: General Negligence**

11             Plaintiff next asserts a general negligence cause of action against all Defendants.  The FAC

12   alleges that all Defendants owed a duty to Plaintiff and breached that duty by failing to protect him

13   from the foreseeable harm at the hands of fellow inmates.

14             "[I]n order to prove facts sufficient to support a finding of negligence, a plaintiff must

15   show that defendant had a duty to use due care, that he breached that duty, and that the breach was

16   the proximate or legal cause of the resulting injury."  *Lawson v. Super. Ct.*, 180 Cal. App. 4th

17   1372, 1389 (2010) (alteration in original).  "There is a special relationship between jailer and

18   prisoner, imposing on the former a duty of care to the latter."  *Giraldo v. California Dep't of*

19   *Corrections and Rehabilitation*, 168 Cal. App. 4th 231, 250 (Ct. App. 2008) (omitting quotation

20   marks).

21             Here, the FAC adequately alleges that Defendant Mora and Defendant Moya breached

22   their duty of care by placing him in a cell with known violent felons and then failing to remove

23   Plaintiff from this cell after he repeatedly expressed concern for his safety, and that their failure to

24   take action was the proximate or legal cause of the sexual and physical assault he suffered at the

25   hands of his cellmates.  The Court finds that Plaintiff has sufficiently alleged a state law

26   negligence claim against Defendant Mora and Defendant Moya.

27   Case No.: 5:19-cv-07300-EJD

28   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
     DISMISS

United States District Court
Northern District of California

1    Accordingly, Defendants' Motion to Dismiss Plaintiff's general negligence cause of action

2  as to Defendants Mora and Moya is DENIED.

3         **Sixth Cause of Action: Intentional Infliction of Emotional Distress**

4    Plaintiff's intentional infliction of emotional distress ("IIED") cause of action focuses on

5  two fronts: (i) Defendants abandoning their responsibility to Plaintiff and deliberately designing

6  an environment where the likelihood he would be assaulted was certain; and (ii) the alleged public

7  ridiculing Plaintiff endured after he revealed the nature of the severe attack to jail officials.

8    In order to establish a claim for IIED under California law, a plaintiff must show: (1)

9  extreme and outrageous conduct by the defendant with the intention of causing, or reckless

10  disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

11  extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the

12  defendant's outrageous conduct . . .  Conduct to be outrageous must be so extreme as to exceed all

13  bounds of that usually tolerated in a civilized community.  *Catsouras v. Dep't of California*

14  *Highway Patrol*, 181 Cal. App. 4th 856, 874–75 (2010) (quoting *Christensen v. Superior Court*,

15  54 Cal. 3d 868, 903 (1991)).  "Severe emotional distress means emotional distress of such

16  substantial ... or enduring quality that no reasonable [person] in civilized society should be

17  expected to endure it."  *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (quoting *Potter v. Firestone Tire*

18  *& Rubber Co.*, 6 Cal. 4th 965, 1004 (1993)).

19    Here, Plaintiff pleads that he was forced to share a cell with two inmates who were known

20  violent felons without adequate supervision, and Defendant Mora and Defendant Moya failed to

21  take steps to remove him from the dangerous situation even after Plaintiff raised his concerns on

22  multiple occasions.  Plaintiff was then ridiculed by unnamed jail officials.  Plaintiff pleads that as

23  a result, the incidents have caused psychological wounds.  FAC ¶ 41.  Construing Plaintiff's

24  allegations in the light most favorable to him, Plaintiff's allegations are sufficient to establish a

25  claim against Defendant Mora and Moya.

26    Therefore, Defendants' Motion to Dismiss the IIED claim is DENIED.

27  Case No.: 5:19-cv-07300-EJD
   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
28  DISMISS

United States District Court
Northern District of California

1

**Seventh Cause of Action: Negligent Infliction of Emotional Distress**

The final cause of action is one for negligent infliction of emotional distress based on the Defendants' duty to act reasonably and exercise due care in regard to Plaintiff's safety and housing classification.  In California, "there is no independent tort of negligent infliction of emotional distress." *Potter*, 6 Cal. 4th at 984.  "The tort is negligence." *Id*.  This claim is thus duplicative of Plaintiff's general negligence cause of action.  Accordingly, Defendants' Motion to Dismiss the negligent infliction of emotional distress cause of action is GRANTED without leave to amend.

**IV.    CONCLUSION**

For the reasons stated above, Defendants' Motion is GRANTED in part and DENIED in part as follows:

- Defendants' Motion to Dismiss as to Plaintiff's First Cause of Action is GRANTED as to Defendants County of Santa Cruz and Sherriff Hart and DENIED as to Defendants Mora and Moya;

- Defendants' Motion to Dismiss as to Plaintiff's Second Cause of Action is GRANTED with leave to amend;

- Defendants' Motion to Dismiss as to Plaintiff's Third Cause of Action is GRANTED as to Defendants County of Santa Cruz and Sherriff Hart without leave to amend and DENIED as to Defendants Mora and Moya;

- Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action is GRANTED without leave to amend;

- Defendants' Motion to Dismiss as to Plaintiff's Fifth Cause of Action is GRANTED as to Defendants County of Santa Cruz and Sherriff Hart without leave to amend and DENIED as to Defendants Mora and Moya;

- Defendants' Motion to Dismiss as to Plaintiff's Sixth Cause of Action is GRANTED as to Defendants County of Santa Cruz and Sherriff Hart without leave to amend and DENIED

United States District Court
Northern District of California

as to Defendants Mora and Moya;

- Defendants' Motion to Dismiss as to Plaintiff's Seventh Cause of Action is GRANTED without leave to amend;

Plaintiff may file an amended complaint curing the deficiencies discussed herein by October 13, 2020.  Plaintiff may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: September 22, 2020

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-07300-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

19